CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAY 09 2006
JOHN F. CORCORAN, CLERK
BY: 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KEITH FITZGERALD, ) | |
| Plaintiff, ) | Civil Action No. 7:06cv00270 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| TAZWELL COUNTY CIRCUIT ) | |
| COURT, ) | By: Hon. Jackson L. Kiser |
| Defendant. ) | Senior United States District Judge |

Plaintiff Keith Fitzgerald, an inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Additionally, Fitzgerald raises claims in his complaint that this court will construe as a petition for writ of habeas corpus, brought under 28 U.S.C. §2254. Fitzgerald alleges that he was convicted and sentenced in January 2003, to five years with three years suspended. Fitzgerald claims that he remains incarcerated and, accordingly, has served a sentence in excess of his actual sentence. He seeks an immediate and unconditional release from prison.

Upon consideration of Fitzgerald's petition, I find that his claims regarding the validity of his confinement must be dismissed pursuant to Rule 4 of the Rules Governing §2254 Cases and, to the extent he seeks damages for his allegedly unlawful confinement, those claims must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### I. 28 U.S.C. § 2254 Petition

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state

court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971).

The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 119 S. Ct. 1728 (1999). In Virginia, a non-death row felon can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, he can file a direct appeal to the Virginia Court of Appeals, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, he can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code §8.01-654. Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.

Fitzgerald admits that he was convicted and sentenced in January, 2003 and has remained incarcerated since that date. Fitzgerald does not allege that he appealed his conviction nor that he has filed any state habeas petitions regarding his current confinement in the Supreme Court of Virginia. Accordingly, as Fitzgerald has failed to exhaust his state remedies, I find that his petition for relief pursuant to 28 U.S.C. § 2254 must be summarily dismissed.[1]

---

[1] Petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Virginia Supreme Court through one of the three routes described. Petitioner is advised, however, that his time to file state or federal habeas petitions is now limited. See 28 U.S.C. §2244(d); Virginia Code §8.01-654(A)(2).

## II.     42 U.S.C. § 1983

To the extent Fitzgerald seeks damages for his allegedly unlawful confinement, Fitzgerald is advised that although he may seek damages under 42 U.S.C. § 1983, such an award can only be made after a only after a showing that his confinement was in fact unlawful. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Accordingly to succeed on such a claim, Fitzgerald must prove that his current confinement was either declared invalid by a state tribunal authorized to make such a determination or called into question by a federal court's issuance of a § 2254 writ. See id. As Fitzgerald has not established that his confinement has been declared invalid by a state tribunal and as this court has declined to issue a § 2254 writ, I find that this claim must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## III.     Conclusion

Fitzgerald is advised that he may appeal this court's dismissal of his § 2254 claim, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may

grant pursuant to Rule 4(a)(5).

Further, as to Fitzgerald's § 1983 claims, he is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

**ENTER**: This \_\_\_9th\_\_\_ day of May, 2006.

Senior United States District Judge